United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>LOPEZ,<br><br>        Defendant.<br>_____/ | No. C 10-03349 CRB<br><br>**ORDER REMANDING CASE** |

    In June 2009, Plaintiff Deutsche Bank Nat'l Trust Co. purchased a property in Oakley California pursuant to a trustee's sale and thereby became the lawful owner of the property. Mot. at 3. In November 2009, Plaintiff filed in state court an unlawful detainer action against Defendant Mario Lopez, a tenant residing in the property after the sale. Id. at 3-4; RJN Ex. 1 (Complaint).

    After filing an Answer to the Complaint, RJN Ex. 3, Defendant first removed the case in January 2010, see RJN Ex. 4. In March 2010, this Court granted Plaintiff's Motion to Remand the case to state court, and awarded Plaintiff its fees. See RJN Ex. 6.

    Defendant then removed the case again in April 2010. See RJN Ex. 7. Shortly thereafter, this Court remanded the case in an *in forma pauperis* screening order. See RJN Ex. 8. Noting that the only claim asserted by Plaintiff was a state law unlawful detainer claim, the Court explained that it determines whether there is federal question jurisdiction "based on the allegations in the plaintiff's complaint, not on the defenses raised in the defendant's answer." Id. at 3.

Defendant removed the case for a third time in July 2010. See RJN Ex. 9. He asserted federal question jurisdiction-- specifically, that he believes the unlawful detainer is discriminatory. Id. at 3 ("Defendant strongly believes he has been discriminated and that the Bank has violated federal law, by doing so."). Plaintiff has again moved to remand the case, arguing that the Court still lacks subject matter jurisdiction and that Defendant's removal procedure was improper. Mot. at 5. Defendant, a *pro se*, did not file an Opposition to the Motion, and failed to appear at the motion hearing today.

The Court finds, again, that there is no federal question jurisdiction, as the Complaint does not raise a federal question. See RJN Ex. 1. Nor is there diversity jurisdiction, as the Complaint is for damages of less than $10,000, see id. at 1 ("Amount demanded does not exceed $10,000"). In addition, Defendant has improperly removed the case by filing his Notice of Removal well beyond the 30 days provided in 28 U.S.C. § 1446(b).

Accordingly, the Court REMANDS the case and AWARDS Plaintiff its $2,100 in fees under 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs, and any actual expenses, including attorney fees, incurred as a result of the removal."). In addition, before docketing any subsequent notice of removal by this Defendant involving this Plaintiff, the clerk's office is ORDERED to forward said notice, along with this Order, to the general duty judge for screening. Any filing made with this Court for an improper purpose subjects Defendant to sanctions. See Fed. R. Civ. P. 11.

**IT IS SO ORDERED.**

Dated: October 22, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE